# JONES DAY

222 EAST 41ST STREET • NEW YORK, NEW YORK 10017-6702
TELEPHONE: 212-326-3939 • FACSIMILE: 212-755-7306

Direct Number: (212) 326-7850
ngwilliams@jonesday.com

April 22, 2010

**VIA ECF AND FIRST CLASS MAIL**

Magistrate Judge Michael L. Orenstein
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re:    **Russo v. Estée Lauder, et al., Docket No.: 08-CV-03965**

Dear Magistrate Orenstein:

As Your Honor is aware, this firm represents the defendants The Estée Lauder Companies, Inc., the entity f/k/a E-L Management Corp., now known as ELC Management LLC ("Estée Lauder" or the "Company") and John Previte (collectively, "Defendants") in the above-referenced litigation. We write to apprise the Court of several open items related to Discovery in this action and respectfully request Your Honor's assistance to resolve these matters. Specifically, we respectfully request the Court's intervention concerning requests: (i) to return documents inadvertently produced in this litigation; (ii) to review original versions of document produced in this action; and (iii) to provide copies of deposition exhibits. As set forth more fully below and demonstrated in months of correspondence between counsel (attached hereto as Exhibit A), prior to seeking the Court's involvement Defendants have attempted on numerous occasions to confer in good faith with plaintiff Daniel Russo's ("Plaintiff" or "Mr. Russo") counsel, the Law Offices of Frederick K. Brewington, to resolve the open Discovery issues. Notably, Plaintiff's counsel has either baselessly refused to resolve these pending issues or, in most cases, completely ignored our communications regarding these matters.

First Defendants seek the return of inadvertently produced privileged and confidential documents. During discovery, Defendants' counsel reviewed tens of thousands of pages of electronic and hardcopy documents. Most of Defendants' production was retrieved from the Company's electronic network using broad search terms, reviewed in electronic form and then electronically "flagged" as non-responsive, privileged or responsive to Plaintiff's document requests. As easily can happen during a electronic document review, two sets of documents were not flagged as privileged or non-responsive and were inadvertently produced to Plaintiff's counsel. Upon learning of the mistaken production of the two sets of documents, we immediately attempted to reclaim the documents, but were refused and later ignored by Plaintiff's counsel. More specifically, in multiple communications with the Law Offices of

NYI-4272559v1
540603 - 610001

JONES DAY

Magistrate Judge Michael L. Orenstein
April 22, 2010
Page 2


Frederick K. Brewington dated December 2009 to the present, we have reclaimed privileged and highly confidential documents inadvertently produced in this litigation and asked for their return. Plaintiff's counsel has baselessly refused to return the documents and, most recently, has not responded to any of our requests.  (See Ex. A, letters of 12/17/09, 1/7/10, 1/13/10, 2/1/10, 2/10/10, 2/18/10, 3/29/10, 4/20/10).

The first set of documents Defendants seek to reclaim are emails and attachments that contain highly confidential information concerning Estée Lauder employees who are not parties to this action.  The confidential information contained in the documents includes the employees' names, social security numbers, information concerning their families, health conditions and health insurance claims.  Importantly and as explained to Plaintiff's counsel, these documents and the information contained therein are not responsive to any of Plaintiff's document requests in this matter and they have no bearing on LTD claims at all – whether Mr. Russo's claims in this action concerning his LTD benefits or, for that matter, on the claims for LTD benefits of any other employees.  In fact, only one line of the attached spreadsheets contains text relating to Mr. Russo's benefits under the Company's health insurance plan – benefits that are not at issue in this action.  Notwithstanding Defendants' numerous communications and attempts to reclaim and/or amicably resolve this matter, Plaintiff's counsel has not responded to our communications since February 10, 2010.

The next document Defendants seek to reclaim is correspondence between Kathleen Jennings ("Ms. Jennings"), Vice President and Employment Counsel for Estée Lauder and an Estée Lauder employee in which the employee seeks legal advice from Ms. Jennings and, in response, Ms. Jennings provides such legal advice.  On or about March 5, 2010, Plaintiff's counsel marked this document as an exhibit during Ms. Jennings deposition.  Terri Chase ("Ms. Chase"), lead counsel for Estée Lauder, immediately objected to use of the document, asserted the attorney/client privilege over the document, explained that the document was inadvertently produced during Discovery and requested that Plaintiff's counsel return the document to her. (Jennings Deposition at pages 121-127).  Plaintiff's counsel refused to return the document.  On March 29th and April 20th, we renewed our request for the return of the privileged correspondence and a duplicate of the document also inadvertently produced.  (See Ex. A). Plaintiff's counsel has wholly ignored these requests.

Defendants also seek to review the original versions of a few documents produced by Mr. Russo in this action.  Since March 12, 2010, we have requested and attempted to schedule a time to review original versions of select documents Plaintiff produced in this litigation.  (Ex. A, letters of 3/12, 3/29, 4/20).  Specifically, we have requested to review: (i) the anonymous fax received by Mr. Russo, bate stamped Plaintiff Russo 00353 and marked as Defendants' Exhibit AK; (ii) the March 10, 2004 memo to file from John Previte, bate stamped Plaintiff Russo 00362 and marked as Defendants' Exhibit AQ; and (iii) the Yolanda Smith Affidavit, bate stamped Plaintiff Russo 00363 and marked as Defendants' Exhibit AR.  We have yet to receive a response

NYI-4272559v1
540603 - 610001

JONES DAY

Magistrate Judge Michael L. Orenstein
April 22, 2010
Page 3

to our multiple requests for Plaintiff's counsel to make the foregoing documents available for our review.   Notably, Plaintiff's counsel has requested the opportunity to review an original of documents produced by Defendants.  We have agreed to make the document available and have advised counsel that the document is available for their review.  (See Ex. A, letters of 3/12, 3/29).  Plaintiff's counsel has yet to schedule a time to review the document or respond to our correspondence concerning the availability of this document.

Finally, Defendants seek copies of deposition exhibits in Plaintiff's possession to which we are entitled.  On three separate occasions, we have written to Plaintiff's counsel to advise them that they did not provide Defendants with copies of the exhibits marked at the depositions of John Previte, Ms. Jennings and Latricia Parker and to request that counsel provide copies of such exhibits.  (See Ex. A, letters of 3/29, 4/19/, 4/20).  Plaintiff's counsel as not even acknowledged these requests and we have not received such deposition exhibits.

In light of the futility of Defendants' numerous attempts to resolve these open Discovery issues before the close of Discovery in this action, we respectfully request that this Court direct Plaintiff's counsel to: (i)  return the inadvertently produced documents to Defendants' counsel's attention and affirm in writing that no attorney or employee of the Law Offices of Frederick K. Brewington or plaintiff Daniel Russo has retained any copies of these documents; (ii) immediately make available the original versions of the requested documents and set a time for counsel to review such documents; and (iii) immediately forward copies of the requested deposition exhibits.

Thank you for Your Honor's attention to this matter.

Respectfully submitted,

/s/ Nadine M. Gomes Williams

Nadine M. Gomes Williams

Enclosures

cc:     Frederick Brewington (via ECF and First Class Mail)

NYI-4272559v1
540603 - 610001