**LAW OFFICES OF**
**FREDERICK K. BREWINGTON**
*ATTORNEYS AND COUNSELORS AT LAW*
**50 CLINTON STREET, SUITE 501**
**HEMPSTEAD, N. Y. 11550**

———

**TELEPHONE: (516) 489-6959**
**FACSIMILE: (516) 489-6958**

**FREDERICK K. BREWINGTON**
--------
**IRA FOGELGAREN**
--------
**GREGORY CALLISTE**
**VALERIE M. CARTRIGHT**
**G. WILLIAM GERMANO, JR.**
**MARJORIE MESIDOR**

July 27, 2010

*VIA ECF*

Magistrate Judge Michael L. Orenstein
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722-9014

                              **Re:** **Russo v. Estée Lauder Corporation, et.al.**
                                     **Docket No.: CV-08-03965 (TCP)(MLO)**

Dear Judge Orenstein:

      We represent the plaintiff, Daniel Russo and third-party defendant, Frederick K. Brewington in the above-referenced matter. This office respectfully requests that this letter be accepted by the Court, as a response in opposition to Defendants' letter of July 23, 2010 requesting Rule 37 sanctions and an adverse inference against, Plaintiff, Daniel Russo for alleged improper discovery practices.

      It should first be noted that Defendants were aware that both myself and Mr. Brewington, the only attorneys handling this matter, were out of the office from Jul 15, 2010 until Monday, July 19, 2010. The parties had been in communication via electronic mail and telephone calls throughout the week of July 12, 2010, finalizing some discovery matters; during which this issue was never mentioned or addressed. As such, Defendants are well aware that this office's first opportunity to review the matter would not be until Monday, June 19, 2010 at the earliest; making their July 20, 2010 deadline to address these matters unreasonable and intentional.

      There are a number on inaccuracies in Defendants' letter to the Court. First, Defendants allude in their letter that the documents in question were arbitrarily produced by Plaintiff after Mr. Russo's November 9, 2009 deposition. This is inaccurate. The documents in question were produced in response to the supplemental demands Defendants made via letter dated November 9, 2009. (See Exhibit A) In addition, by way of an exhibit included with Plaintiff's, April 26, 2010 letter to the Court Defendants were apprised of Plaintiff's efforts to locate the original copies of the requested documents. (See Exhibit B)

*Magistrate Judge Michael L. Orenstein*
*Page 2*
*July 27, 2010*

### The Documents In Question Have Been Adequately Authenticated

Defendants do not provide a firm legal basis upon which this Court should remove the issue of witness credibility and weight of evidence from the trier of fact.

Defendants first address the "veracity" of a facsimile received by Mr. Russo, identified by Defendants as "Ex. AK" (attached hereto as Exhibit D). Estee Lauder Defendants allege in their letter that Plaintiff's testimony "as to how he came into possession of this document is highly implausible". This "implausibility" is supported by the alleged unsworn hearsay testimony that Defendants unilaterally solicited from an unidentified manager, on an unidentified date, time or location via an unascertainable method, that "the only single page fax that was received...[was] by someone using a Staples Rewards Card affiliated with a local business". Estee Lauder Defendants do not provide any documentation, records or sworn affidavits to support their position. Defendants notably fail to disclose any information regarding the circumstances of their alleged conversation with this Staples employee, robbing Plaintiffs of any opportunity to rebut or cross-examine his or her alleged statements.

Furthermore, Defendants do not proffer any evidence upon which this Court could conclusively uphold any negative inference on the documents's authenticity. Under the Federal Rules of Evidence Rule 901(b), testimony of witness with knowledge that a matter is what it is claimed to be is sufficient to authenticate a document. The proponent of the authenticity of a document needs only to show there is a reasonable likelihood that the document is what it purports to be. United States v. Blackwell, 694 F.2d 1325, 1330, 224 U.S. App. D.C. 350 (D.C. Cir. 1982) (reasonable juror could find, on basis of authentication evidence, that document was what proponent said it was). If evidence indicates the document in question is what the proponent claims, the proponent does not have to prove absolutely and conclusively that the document is authentic. As such, Mr. Russo's testimony as to the manner in which the document came into question is sufficient for the purposes of authenticity. The weight of the evidence is for the trier of fact to decide.

As to the second document, identified by Defendants as "Exhibit AQ" (attached hereto as Exhibit E), Defendants similarly fail to give a legal basis for a negative inference as to its authenticity. Mr. Russo has testified to how this memorandum came into his possession. The document in question appears to have the initial "JC" next to Mr. Previte's name. During the deposition of John Previte, he identified a "Joann Carubia" an Estee Lauder employee with which he worked while a director at the company, as the possible author of the document. (Previte Dep. 43:10 - 44:7, Exhibit F) Defendants now proffer a self-serving affidavit of Ms. Carubia, currently under Estee Lauder's payroll, disputing the document's legitimacy. The weight of Ms. Carubia's testimony regarding the patterns and practices of drafting, preparation or filing an inter office memorandum is an issue of fact and is not conclusive as to the legitimacy of the memorandum.

### Relief Sought By Defendants Are Outside the Parameters of Rule 37

Defendants' letter to the Court is devoid of any legal authority upon which Defendants rely for its requested relief of sanction under Rule 37(a).

*Magistrate Judge Michael L. Orenstein*
*Page 3*
*July 27, 2010*

Under F.R.C.P. Rule 37(a), a party on notice to other parties, may move for an order compelling disclosure or discovery. A motion to compel disclosure is appropriate under Rule 37(a)(3)(A) if a party fails to make a disclosure required by Rule 26(a). A motion to compel a discovery response is appropriate under Rule 37(a)(3)(B) if: "(i) a deponent fails to answer a question asked under Rule 30 or 31; (ii) a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a)(4); (iii) a party fails to answer an interrogatory submitted under Rule 33; or (iv) a party fails to respond that inspection will be permitted--or fails to permit inspection--as requested under Rule 34." F.R.C.P. Rule 37(a)(3)(B) None of these circumstances are present in this case.

Defendants do not allege that Plaintiff has failed to make a disclosure that was mandated under Rule 26, as such a motion to compel disclosure is inappropriate under Rule 37(a).

As to the grounds for a motion to compel discovery, such a remedy would be similarly inappropriate under the Rule 37(a)(3)(B). Plaintiff has responded to all of Defendants' interrogatories submitted under Rule 33 and all of Defendants' questions during **both** his depositions in accordance with the Federal Rules 30 and 31 and this Court's individual rulings. Furthermore, Defendants requested an inspection of original copy of three documents. Plaintiff has notified Defendants of the availability of one of these documents. (Attached hereto as Exhibit C) The other documents were sent to Mr. Russo via facsimile and in copy form; as such the "original" documents in Plaintiff's possession are only available in a copy format. As such, Defendants are without a legal basis for their requested relief under Rule 37.

For the foregoing reasons, we respectfully request that Plaintiff's motion to compel be denied in its entirety.

Respectfully Submitted,

/s/

MARJORIE MESIDOR

MM: mm
cc: Terri L. Chase (via ECF and facsimile)